# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PAUL F. SIKORA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 2:12-cv-01860-MRH |
| | ) | |
| UPMC, a Pennsylvania non-stock | ) | |
| non-profit corporation, a/k/a | ) | |
| UPMC Health System, and the | ) | |
| UPMC Health System and AFFILIATES | ) | |
| NON-QUALIFIED SUPPLEMENTAL | ) | |
| BENEFIT PLAN | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiff, Paul F. Sikora, respectfully cross-moves this Court for a partial summary judgment as to liability relative to the Second (affirmative) Defense proffered by the Defendants, UPMC and the UPMC Health System and Affiliates Non-Qualified Supplemental Benefit Plan (the "*Plan*")(collectively "*UPMC*") in Defendants' Answer (Doc #19 - page 3). Such Second (affirmative) Defense asserts that the Plan qualifies as a "top hat" plan under Section 201 (2) of The Employee Retirement Income Security Act of 1974 ("*ERISA*") [29 U.S.C. §1051 (2)]. To qualify as a "top hat" plan, the participants in the plan must constitute a "select group of management or highly compensated employees" as set forth Section 201 (2) of ERISA. The Parties agree that a "select group" has both a qualitative and a quantitative element. The U.S. Department of Labor (the "*DOL*"), to which Congress delegated authority to implement, administer, and enforce ERISA, has interpreted the qualitative element of a "select group of management or highly compensated employees" to mean individuals who, by virtue of their

position or compensation level, have the ability to affect or substantially influence, through negotiation or otherwise, the design and operation of the plan (DOL Opinion 90-14A - 1990 ERISA LEXIS 12). The Court should enter partial summary judgement in favor of Plaintiff because Defendants have not met, and cannot meet, their burden of proving that the participants in the Plan constituted "a select group of management or highly compensated employees", and therefore, is exempt from certain substantive requirements of ERISA. To the contrary, the evidence of record establishes that the Plan does not qualify as a "top hat" plan. Such evidence or lack of evidence in the record includes:

1. As set forth in the language of the Plan Document, and as reflected in the Minutes of the Compensation Committee (the "Committee") of the UPMC Board of Directors (the "UPMC Board"), and as admitted by the Defendants, it was the Committee and not the Plan Participants that had the sole and exclusive ability to affect or influence the design and amendment of the Plan and the operation of the Plan as amended [*See Defendants' Brief in Opposition to Plaintiff's Third Motion to Compel* (Doc # 40 - page 4); *Defendants' Concise Statement of Material Facts- ¶30 - 1st sentence* (Doc # 55 - page 6); *Defendants' Brief in Support of Defendants' Motion for Partial Summary Judgment* (Doc # 54 - pages 3-4).

2. No Plan Participant ever served as a member of the Committee or the UPMC Board.

3. No Plan Participant had a vote in the election of members of the UPMC Board or the Committee.

4. There is no evidence in the record of any communications of any kind, at any time, on any topic between the Committee and any of the Plan Participants other than communications between the Committee and Gregory K. Peaslee, a Senior and then an

Executive Vice-President of UPMC and Chief Human Resources and Administrative Services Officer, in his capacity as the sole delegate appointed by the Committee under §7.02 of the Plan Document.

5. Defendants have asserted that the sole means by which Plan Participants had the ability to affect or influence the design or amendment of the Plan and the operation of the Plan was by virtue of his or her ability to negotiate his or her base salary compensation, or if he or she was a new employee at UPMC, his or her sign-on bonus, and if he or she was being transferred to a new city or town, his or her relocation benefits package, but there is no evidence in the record that establishes a Plan Participant's ability to negotiate compensation dollar amounts or that any such compensation negotiations involving any Plan Participant having ever occurred; and, even if there were, there is nothing in the record that establishes a Plan Participant's ability to negotiate compensation dollar amounts equates to an ability to affect or substantially influence the design and operation of the Plan.

6. The quantitative element of the definition of a "select group", is a fraction with the numerator of the fraction being the number of employees eligible to be approved by the Committee to be a participant in the Plan and the denominator of the fraction being the total number of employees employed by the "employer" as such term is defined in §1.01 (k) of the Plan Document. With respect thereto, there is insufficient evidence in the record from which either the numerator or denominator of the quantitative fraction can be established.

Defendants further claim that the ability of Participants to influence through negotiation or otherwise is NOT a requirement of a top hat plan because the DOL overstepped in issuing DOL Opinion 90-14A and that the DOL's interpretation as set forth therein is an impermissible construction of the term a "select group of management or highly compensated employees" as set

forth in ERISA.  However, Defendants have not asserted in their pleadings or in their Brief in Support of Defendants' Motion for Partial Summary Judgment that: (1) the term a "select group of management or highly compensated employees" is unambiguous; (2) the DOL did not have the authority to construe ambiguous provisions of ERISA; (3) the DOL's reading and construction of the "top hat" provisions of ERISA as set forth in DOL Opinion 90-14A is unreasonable or inconsistent with the policy concerns that motivated the enactment of ERISA; or (4) that Congress has at any time indicated its disapproval of DOL's construction of the "top hat" provisions of ERISA as set forth in DOL Opinion 90-14A, as would be required for Defendants to overcome an executive agency's construction of statutory language. *Chevron v. Natural Resources Council*, 467 U.S. 837 (1984).

In support of this Cross-Motion, Plaintiff submits the accompanying Responsive Concise Statement of Material Facts and the affidavits, pleadings, deposition testimony, answers to interrogatories, and admissions of the Defendants referred to therein, inter alia, setting forth the applicable facts as to which there is no genuine issue.

**WHEREFORE**, The Court should adhere to the U.S. Department of Labor's construction of the term "select group of management or highly compensated employees" as set DOL Opinion 90-14A and enter partial summary judgment in favor of Plaintiff and against Defendants because Defendants have not met, and cannot meet, their burden of proof as to their "top hat" affirmative defense.

                                          Respectfully submitted,

Dated: October 13, 2015        /s/ Michael E. Hoover
                                          Michael E. Hoover
                                          PA27574
                                          DIEFENDERFER HOOVER McKENNA & WOOD, LLP
                                          310 Grant Street, Suite 1420

Pittsburgh, PA 15219-2201
Tel # (412) 471-1100 Fax # (412) 471-5125
mhoover@verizon.net

Counsel for Plaintiff, Paul F. Sikora